UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHN E TIMM,

             Petitioner,

v.                                          Case No. 24-cv-558-bhl

STATE OF WISCONSIN,

             Respondent.

## SCREENING ORDER

On May 7, 2024, John E. Timm, without the assistance of counsel, filed a petition for writ of habeas corpus under 22 U.S.C. § 2254. (ECF No. 1.) That same day, Timm also filed a brief in support of his petition, (ECF No. 2), an affidavit in support, (ECF No. 3), and a motion for an evidentiary hearing, (ECF No. 4). Timm has also paid the filing fee.

### SCREENING THE PETITION

Rule 4 of the Rules Governing Section 2254 Cases requires the Court to screen Peete's petition. The rule provides:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4, Rules Governing § 2254 Cases. During its initial review of a habeas petition, the Court examines whether the petitioner has set forth cognizable constitutional or federal law claims and tries to confirm that those claims have been exhausted in state court.

### FACTUAL AND PROCEDURAL BACKGROUND

Timm was convicted on April 19, 2021, in Oconto County Circuit Court, on two counts of possession of child pornography after he entered an Alford plea on those counts. (ECF No. 1 at 1–2); *see also State v. Timm*, Case No. 2020CF000139, Oconto Cnty. Cir. Ct. Three additional counts were dismissed but read in. (ECF No. 1 at 2.) On June 22, 2021, Timm was sentenced to

three years in state prison, followed by an additional three years on extended supervision. (*Id.* at 1.)

Timm has challenged his convictions in a number of postconviction proceedings. First, Timm filed a direct appeal to the Wisconsin Court of Appeals but then, for reasons he does not disclose, voluntarily dismissed that appeal. (*Id.* at 2.) After dismissing his direct appeal, Timm initiated three postconviction proceedings in the state circuit court. First, on July 18, 2022, he filed a motion to dismiss and a motion to withdraw his Alford plea based on actual innocence and new evidence. (*Id.* at 3.) Second, on July 26, 2022, he filed a petition for writ of habeas corpus, again asserting actual innocence and new evidence. (*Id.* at 4.) And, third, on November 21, 2022, he filed a petition for sentence adjustment, citing the same grounds. (*Id.*) All three of these efforts were denied by the circuit court, the latest on December 15, 2022. (*Id.* at 3–5.) Timm did not appeal from any of the denials. (*Id.* at 5.)[1]

After failing in his post-conviction efforts, Timm filed this federal habeas proceeding. His petition asserts three grounds for relief: (1) Actual Innocence Through New Evidence"; (2) "Ineffective Assistance of Counsel"; and (3) "Autonomy Interest Violation." (*Id.* at 5–10.) Timm admits he has not exhausted these claims but blames this failure on the ineffective assistance of his counsel. (*Id.* at 5, 7, 9.) He further indicates that he is "[r]elying upon the actual innocence gateway found in *Schlup v. Delo* and *House v. Bell*" and directs the Court to his brief in support of his petition. (*Id.* at 13.)

In his brief, Timm confirms that his most recent filing in state court was a motion to dismiss filed on April 3, 2023. He points to this filing, along with his "subsequent correspondences with the court," as marking "his ongoing commitment to proving his innocence and challenging the fairness of his plea." (ECF No. 2 at 3.) Timm confirms that he is not currently incarcerated, but states he is "living under conditions significantly restricted by his status as a registered sex offender, a direct result of his conviction." (*Id.*) Timm "maintains his actual innocence and contends that his constitutional rights were violated throughout the process leading to his conviction." (*Id.* at 4.) Timm indicates that his brief "seeks to state a claim of the legal grounds

---

[1] While Timm does not disclose further filings in his petition, the circuit court record indicates that he filed additional motions including a motion to dismiss on January 11, 2023, motions for special bulletin notification (SBN) and Global Positioning System (GPS) removal and appointment of a lawyer on January 23, 2023, and motions for dismissal and sentence modification on April 3, 2023. Court Record, *State v. Timm*, Case No. 2020CF000139, Oconto Cnty. Cir. Ct. The record does not confirm any official response from the court to these additional motions.

for this habeas corpus petition, specifically focusing on the constitutional issues surrounding the Alford plea, claims of actual innocence, and ineffective assistance of counsel." (*Id.*)

Amidst argument and citations to legal authority, Timm alleges additional facts not contained in his petition: "The petitioner asserts his actual innocence based on crucial new evidence that demonstrates that the phone containing child pornography, pivotal to the state's case, did not belong to him. This evidence was not presented at trial due to the gross negligence of his counsel." (*Id.* at 6.) Timm further alleges that his trial counsel "refused to investigate claims that fundamentally impacted the foundation of the prosecution's case." (*Id.* at 7.) Specifically, counsel failed to investigate "the ownership of the mobile device central to the charges." (*Id.* at 11.) According to Timm, this failure coerced Timm into his Alfred plea "under the false presumption that the state's evidence was incontrovertible." (*Id.* at 7.) As a result of these alleged errors, Timm requests that his conviction be vacated. (*Id.* at 15.)

Timm also provides an affidavit attesting that the facts and legal arguments in his brief are "true and accurate to the best of [his] knowledge and belief." (ECF No. 3 ¶3.) Finally, Timm requests an evidentiary hearing so that he may "present witnesses, introduce additional evidence, and more thoroughly establish the factual basis for his constitutional claims." (ECF No. 4 at 2.)

## ANALYSIS

Timm asserts three grounds for habeas relief: (1) Actual Innocence Through New Evidence"; (2) "Ineffective Assistance of Counsel"; and (3) "Autonomy Interest Violation." (*Id.* at 5–10.) Of these three, only Timm's second ground presents a cognizable claim for habeas relief.

As to his first ground, the Supreme Court has yet to recognize a freestanding actual innocence claim entitling a petitioner to habeas relief in a non-capital case. *Arnold v. Dittman*, 901 F.3d 830, 837 (7th Cir. 2018) (citing *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013)). As a general matter, claims of actual innocence based on newly discovered evidence are thus not an independent ground for federal habeas relief; instead, a petitioner "must show that his conviction violates the Constitution, laws, or treaties of the United States." *Id*. (citing *Estelle v. McGuire*, 502 U.S. 62, 67–68 1991)). Timm's brief suggests that he understands this limitation and instead seeks to use this claim "to overcome procedural barriers" that would otherwise foreclose review of his ineffective assistance of counsel claim. (*See* ECF No. 2 at 8–10.) As to his third ground, which he styles as an "autonomy interest violation," this is also not a recognized ground for habeas relief. Based on his brief, it appears that this claim is duplicative of his ineffective assistance claim.

Timm argues that his guilty plea "was fundamentally coerced by the ineffectiveness of his counsel, thereby violating his autonomy interests . . . ." (*Id.* at 14.)

Thus, in the end, Timm's petition asserts a single ground for relief—that his trial counsel was ineffective for failing to investigate "the ownership of the mobile device central to the charges" against Timm and failing to challenge the prosecution's evidence of the same. (ECF No. 1 at 7; ECF No. 2 at 11–12.) This single potentially cognizable habeas claim has its own problems.

Under 28 U.S.C. § 2254(b)(1)(A), a federal court cannot grant habeas relief unless the petitioner has exhausted the available state court remedies. Timm admits that he has not exhausted any of his asserted grounds for habeas relief, including his ineffective assistance claim, in the state courts. (ECF No. 1 at 5, 7, 9.) He alleges that his failure to exhaust was due to ineffective assistance of counsel but does not provide any information regarding how appellate counsel was ineffective. Instead, Timm asks the Court to forgive his default based on "the actual innocence gateway found in *Schlup v. Delo* and *House v. Bell*." (*Id.* at 13.) This rare exception to procedural default requires Timm to establish "that a miscarriage of justice would result if habeas relief is foreclosed" because he is innocent of the crimes for which he was convicted. *Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004). To establish actual innocence, Timm "must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). "[C]laims of actual innocence are rarely successful." *Id.* at 324.

Timm alleges that "the phone containing child pornography, pivotal to the state's case, did not belong to him." (ECF No. 2 at 6.) But he provides no evidence to corroborate this assertion. In fact, Timm does not even provide the barest details of how he came to believe the phone used to convict him did not belong to him, let alone present any "new reliable evidence" such as the cases he relies on require in support of a procedural claim of actual innocence. *See Schlup*, 513 U.S. at 324 ("To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial."). While Timm may present (and the Court may consider) reliable evidence in any form in support of his allegations, *see House v. Bell*, 547 U.S. 518, 537–38 (2006), he has presented no evidence at all.

Timm requests that the Court grant him an evidentiary hearing so that he may "present witnesses, introduce additional evidence, and more thoroughly establish the factual basis for his constitutional claims." (ECF No. 4 at 2.) He also appears to ask the Court to authorize him to conduct discovery, citing to Rule 6 of the Rules Governing Section 2254 Cases. (*Id.* at 1.) But his petition and supporting materials do not support either request. Timm incorrectly claims to have "presented substantial information demonstrating that his trial counsel's performance was deficient" and "contends that, but for counsel's deficient performance, the outcome of his trial would have been different." (*Id.* at 2.) But, as explained above, Timm has not provided the Court with substantial information demonstrating either his innocence or that trial counsel's performance was deficient. He has provided only a conclusory allegation that the cell phone used to convict him of possessing child pornography did not belong to him and that trial counsel was ineffective for failing to investigate the phone's ownership. Timm does not explain what information led him to that belief, how or when he discovered the information, or why his trial counsel was deficient for not discovering and presenting the information at his trial. Nor has he provided any evidence corroborating his bare-bones assertion of innocence. While the Court has discretion to hold an evidentiary hearing on Timm's gateway actual innocence claim, *see Coleman v. Hardy*, 628 F.3d 314, 319 n.2 (7th Cir. 2010), he has provided nothing that would warrant a hearing.

It is highly unlikely that Timm can proceed with his admitted unexhausted ineffective assistance claim. Nevertheless, the Court will allow Timm a final opportunity to explain why his procedural default should be forgiven. Timm must show either: (1) cause to explain his state court default, including how the default worked to his actual and substantial disadvantage; or (2) that a failure to review his claims will constitute a fundamental miscarriage of justice because he is actually innocent of the offense(s) of which he was convicted. If Timm chooses to present evidence of actual innocence, he is advised to provide specific, detailed facts that establish how he learned that the phone at issue was not his. If Timm's response does not sufficiently demonstrate either cause and prejudice or a miscarriage of justice, the Court will dismiss his petition.

## Conclusion

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Petitioner John E. Timm must file a document showing cause why his petition should not be dismissed as barred by the doctrine of procedural default along with any evidence he has to support his claim. Timm must file that document on or before

**July 10, 2024**.  If Timm cannot establish cause and prejudice or a miscarriage of justice, or if does not file his response by the deadline, the Court will dismiss the petition.

Dated at Milwaukee, Wisconsin on June 10, 2024.

s/ *Brett H. Ludwig*  
BRETT H. LUDWIG  
United States District Judge