UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHN E TIMM,

        Petitioner,

v.                                                Case No. 24-cv-558-bhl

STATE OF WISCONSIN,

        Respondent.

---

## SCREENING ORDER

---

        On May 7, 2024, John E. Timm, without the assistance of counsel, filed a petition for writ of habeas corpus under 22 U.S.C. § 2254. (ECF No. 1.) That same day, Timm also filed a brief in support of his petition, (ECF No. 2), a supporting affidavit, (ECF No. 3), and a motion for an evidentiary hearing, (ECF No. 4). Timm's petition asserts three grounds for habeas relief: (1) Actual Innocence Through New Evidence"; (2) "Ineffective Assistance of Counsel"; and (3) "Autonomy Interest Violation." (ECF No. 1 at 5–10.) The Court screened Timm's petition on June 10, 2024, and concluded that he had adequately stated a single cognizable claim for ineffective assistance of counsel but had failed to exhaust that claim in the state courts. (ECF No. 9.) The Court also noted that while his failure to exhaust that claim might theoretically be forgiven if he could show his actual innocence, Timm had provided no evidence to support his actual innocence. (*Id.* at 4–5.) The Court therefore allowed him the chance to submit evidence establishing actual innocence, or, alternatively, to show cause and prejudice sufficient to forgive his apparent procedural default. (*Id.* at 5–6.)

        Timm responded to the Court's order on June 17, 2024. (ECF No. 10.) This latest filing is duplicative of Timm's previous efforts. It does not establish his innocence or provide grounds for finding cause and prejudice sufficient to forgive his procedural default. Timm first argues that his trial counsel's failure to investigate and present evidence at trial constitutes cause for his default. (*Id.* at 3–4.) This argument is misplaced. Timm's allegations concerning his trial counsel's performance form the substance of his claim for ineffective assistance of counsel. They do not provide cause for why he failed to raise and pursue that claim in state court, a necessary

prerequisite to seeking habeas relief in federal court. *See* 28 U.S.C. § 2254(b)(1)(A). Timm next argues, as he did in his initial brief and petition, that failing to review his claims would result in a fundamental miscarriage of justice because he is actually innocent. (ECF No. 10 at 4.) He repeats his previous allegation that the mobile phone containing child pornography central to his conviction did not belong to him. (*Id.* at 5.) But the Court informed Timm in its screening order that he needed to provide *evidence* to corroborate his allegation. (ECF No. 9 at 5.) He has not done so. Timm's self-serving assertions are insufficient, and he has provided the Court with no facts or evidence sufficient to warrant an evidentiary hearing. *See Woods v. Schwartz*, 589 F.3d 368, 377 (7th Cir. 2009) ("[A] defendant who asserts actual innocence as a reason to excuse a procedural default must do more than invoke those words, he 'must *demonstrate* [his] innocence.'") (emphasis and alteration in original) (quoting *Buie v. McAdory*, 341 F.3d 623, 626–27 (7th Cir. 2003)).

In sum, despite being given an opportunity to explain why his habeas petition should be allowed to continue, Timm has not come forward with evidence that would excuse his failure to exhaust his ineffective assistance claim in the state courts or show his actual innocence. Accordingly, his habeas petition must be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that John E. Timm's Petition for Writ of Habeas Corpus, ECF No. 1, is **DISMISSED** pursuant to Rule 4 of the Rules Governing Section 2254 Cases and 28 U.S.C. § 2254(b)(1)(A).

**IT IS FURTHER ORDERED** that a certificate of appealability **SHALL NOT ISSUE**. The Court does not find that reasonable jurists could debate that the petitioner has made a substantial showing of the denial of a constitutional right and that the petition should have been resolved in a different manner. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on August 19, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge